UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Bulmaro Huitran-Barron,<br><br>    Petitioner,<br><br>    v.<br><br>United States of America,<br><br>    Respondent. | Case No. 4:16-cr-175-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Defendant Bulmaro Huitran-Barron moves the Court for an order directing the United States to return seized property to him – specifically, two vehicles and $1,740 cash. *See* Dkt. 37. For the reasons explained below, the Court will deny the motion as to the cash and will order the parties to submit additional briefing regarding the vehicles.

**BACKGROUND**

Huitran-Barron was arrested in June 2016. He was on his way to sell methamphetamine to a person who turned out to be an undercover law enforcement officer. After he was arrested, officers searched the vehicle Huitran-Barron was driving and later obtained a warrant to search his residence. During the search of the residence, officers seized drugs, drug paraphernalia, and $2,260 in cash. In his current motion, Huitran-Barron alleges that "NOW as a consequence of this violations the U.S. Government seized property that belonged to the defendant's mother, . . . ." *Motion,* Dkt.

MEMORANDUM DECISION AND ORDER - 1

37, at 1. Specifically, defendant says the government seized two vehicles that belong to his mother – a 2001 Nissan Frontier and a 1998 Ford Mustang. The United States, however, says that "[t]he two cars were both seized by local law enforcement and were not seized nor Indicted by the U.S. Government." *Response,* Dkt. 41, at 1-2.

Defendant later pleaded guilty to possession with intent to distribute a controlled substance, and he agreed to "immediately forfeit to the government the property set out in the forfeiture allegations of the indictment and all property or property interest that constitute proceeds obtained or retained as a result of the offense, . . . ." *Plea Agmt.*, Dkt. 19, at 2-3. The forfeiture allegations of the indictment did not specify any vehicles, however, and there is no assertion that the vehicles were "property . . . that constitute proceeds obtained or retained as a result of the offense." Accordingly, Defendant says the two vehicles should be returned to his mother. He also says $1,740 in cash should be returned to him.

## ANALYSIS

Huitran-Barron brings his motion under Federal Rule of Criminal Procedure 41(g), which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property is seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, . . . .

Fed. R. Crim. P. 41(g).

The burden of proof on a Rule 41(g) motion depends upon when it is filed. Where the property in question is no longer needed for evidentiary purposes – because the trial is complete, or the defendant has pleaded guilty, or the government has abandoned its investigation – the defendant is presumed to have a right to the return of the property, and the government has the burden of demonstrating that it has a legitimate reason to retain the property. *United States v. Gladding*, 775 F.3d 1149 (9th Cir. 2014) (citing *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)); *see also United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013). Because Huitran-Bulmaro filed his motion after sentencing, the burden of proof is on the government.

1. **The $1740 Cash**

The first issue is the cash. Defendant does not adequately explain why the government should return $1,740 in cash to him in the face of his agreement to forfeit "cash proceeds of at least $8,062, . . . ." *Plea Agmt.*, Dkt. 19, at 3. The motion will therefore be denied to the extent defendant seeks the return of $1,740 cash.

2. **The Vehicles**

The more difficult question is the vehicles. As noted above, the United States did not seize any vehicles. This Court cannot order the government to return property it does not have, but this does not end the inquiry because the United States could have constructive possession of the vehicles. Generally speaking, property seized and held by state law enforcement officers is not in the constructive possession of the United States

for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution. *See Clymore v. U.S.*, 164 F.3d 569, 571 (10th Cir. 1999); *see also U.S. v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997). Also, Rule 41(g) does confer jurisdiction on the court to order the return of property seized and held by state law enforcement authorities, if the state authorities were acting under direct federal authorization. *See U.S. v. Huffhines*, 986 F.2d 306, 308-09 (9th Cir. 1993).

Here, the United States plainly does not have actual possession of the vehicles, and, as already noted, the Court cannot order the government to return property it does not have. *Marshall*, 338 F.3d at 995. But the Court does not have enough information to determine whether the government has constructive possession of the vehicles. That is, the court cannot determine if there was direct federal authorization for the seizure or, more generally, whether there was some form of agency relationship between federal and state authorities in relationship to this seizure. *See generally United States v. Marshall*, 338 F.3d 990 (9th Cir. 1990) (concluding that the district court had not erred in finding no relationship between federal and state authorities that would support constructive possession). Given that the government has the burden of proof, the Court will refrain from ruling on the motion at this point but will instead instruct the parties to submit additional information regarding the seizure. *See* Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion."). Specifically, the Court needs to know: (1) if the state authorities were acting under direct federal authorization in seizing the vehicles; (2) if the vehicles are being held for

evidentiary purposes in any federal prosecution. Otherwise, the parties may also address if Huitran-Barron has an adequate remedy in the Idaho courts to seek return of these vehicles.

## ORDER

**IT IS ORDERED that:**

**(1)** Defendant's motion seeking return of property (Dkt. 37) is DENIED to the extent defendant seeks the return of $1,740 cash. Otherwise, the Court will REFRAIN FROM RULING on the motion until the parties have submitted supplemental briefing.

(2) The parties shall submit supplemental briefing, as instructed above, within 30 days of this Order.

DATED: October 30, 2018

B. Lynn Winmill
Chief U.S. District Court Judge