UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Bulmaro Huitran-Barron,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | Case No. 4:17-cv-299-BLW<br>　　　　　4:16-cr-175-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Before the Court is Movant Bulmaro Huitran-Barron's § 2255 motion (Dkt. 1) and the government's motion to dismiss (Dkt. 12). For the reasons explained below, the Court will order further briefing from the government regarding ground one of Huitran-Barron's motion, and will dismiss the claims asserted in grounds two and three.

**BACKGROUND**

In April 2016, Huitran-Barron sold methamphetamine to an undercover police officer on two separate occasions. He was arrested in June 2016, after arranging to again sell methamphetamine to an undercover office. Huitran-Barron was charged with four counts of possession with intent to distribute a controlled substance and one count of

unlawful possession of a firearm. *See Superseding Indictment*, Cr. Dkt. 12.[1]

In November 2016, Huitran-Barron pleaded guilty to one of the four drug charges, and the government agreed to dismiss the remaining charges. *See Plea Agreement*, Dkt. 19. The Court sentenced Huitran-Barron to 82 months' imprisonment followed by four years' supervised release. *Judgment*, Cr. Dkt. 34.

In July 2017, Huitran-Barron filed this motion to vacate under 28 U.S.C. § 2255. He alleges that his counsel was ineffective during pretrial proceedings, at sentencing, and after sentencing.

## LEGAL STANDARD

**1.     28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of her or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion,

---

[1] Citations to "Cr. Dkt." are to docket entries in the underlying criminal case.

any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

## 2. Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697; *see also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 898 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's performance falls within "the wide range of reasonable professional assistance." *Id.* at 689.

An attorney has a constitutional duty to consult with a defendant about an appeal either if a rational defendant would want to appeal, or if the particular defendant has reasonably demonstrated his interest in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Where a defendant does not consent to counsel's failure to file a notice of

appeal, the defendant may file a motion alleging ineffective assistance of counsel. *Id.* at 476.

The Ninth Circuit has held that "prejudice necessarily arises when a lawyer disregards an express instruction to file an appeal." *Thorward v. Knowles*, 220 Fed. Appx. 728, 729 (9th Cir. 2007) (unpublished). Where a defendant asks his lawyer to appeal and his lawyer does not do so, even where a defendant has waived his right to appeal, the lawyer has provided ineffective assistance of counsel. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2004). However, where a defendant does not instruct counsel to either file or not file a notice of appeal, the court must first determine whether counsel consulted with the defendant regarding an appeal. *Flores-Ortega*, 528 U.S. at 477-78 (2000).

## DISCUSSION

Huitran-Barron alleges that his attorney performed deficiently by: (1) ignoring his request to file an appeal; (2) refusing "to invoke the benefits of § 3553(a)"; and (3) failing to file a suppression motion. *Motion*, Dkt. 1, at 5, 6, 7. Under governing Ninth Circuit and Supreme Court authority, Huitran-Barron is entitled to a hearing on his first claim. The second and third claims, however, will be dismissed.

1.  **Counsel's Alleged Failure to File an Appeal**

In his first claim, Huitran-Barron alleges that his attorney disregarded his instruction file an appeal. *Motion,* Dkt. 1, at 4. Huitran-Barron also says his attorney misadvised him about his ability to appeal and he has only recently learned that his right

to appeal was not precluded. *Motion Mem.*, Dkt. 1-1, at 2. For this reason, he argues that his right to appeal should be restored. *Id.*

An attorney's failure to file an appeal where there is clear instruction by the defendant to do so establishes deficient performance and prejudice even if there is a valid appeal waiver. *United States v. Sandoval–Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). As the Supreme Court explained in *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000), "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." "The prejudice ... is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *Sandoval–Lopez*, 409 F.3d at 1197. Thus, a valid appeal waiver does not prevent a movant from establishing prejudice. The Ninth Circuit acknowledges that this result is counterintuitive, *id.* at 1197, but it is the law nonetheless.

Here, the facts are disputed. Huitran-Barron says he instructed his attorney to appeal; his attorney says no such instruction was given. On this record, Huitran-Barron is entitled to a hearing. Put differently, the record does not conclusively establish that Huitran-Barron is *not* entitled to relief on this claim. The governing statute provides, in part, that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

This leaves the government with two options.

First, the government can continue to oppose Huitran-Barron's claim and the Court will hold an evidentiary hearing to determine whether Huitran-Barron's allegation is true. *Id.* at 1198. If the allegation is true, the Court will vacate and reenter judgment so that Huitran-Barron can file a timely notice of appeal. *Id.* If the allegation is untrue, Huitran-Barron is not entitled to any further relief on this claim. *Id.*

Alternatively, the government can choose not to oppose the motion on this ground and let Huitran-Barron appeal. *Id.* If the government chooses this option the Court will vacate and re-enter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that Huitran-Barron's claim that he instructed his counsel to appeal, and that his counsel refused or ignored his request, is true. *Id.*

Accordingly, as to ground one, the government will be directed to notify the Court within 20 days as to how it wishes to proceed.

### 2. Counsel's Alleged Ineffectiveness During Sentencing

#### A. USSG Sections 5K2.0 and 5H1.6

Huitran-Barron next alleges that the during sentencing, the Court failed to consider Sections 5K2.0 and 5H1.6 of the United States Sentencing Guidelines because defense counsel "failed to invoke the statute[s]" adequately. *§ 2555 Mot.* at 7, Dkt. 1. He contends that as a "humble hardworking man" who supports his parents and helps to pay bills at home, he may have qualified for a departure based on those statutes. *Id.*

Section 5K2.0, however, simply discusses situations that *may* be grounds for departure from the Sentencing Guidelines. It does not discuss mandatory grounds for departure. Further, Huitran-Barron has made no showing as to which part of § 5K2.0 should apply.

It appears as though the heart of Huitran-Barron's claim is directed toward Section 5H1.6, yet he falls short of providing a showing sufficient to indicate a departure would be warranted. While § 5H1.6 states that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted," Comment B states that departure may be warranted "based on loss of caretaking or financial support." U.S.S.G. § 5H1.6(1)(B). In order to qualify, the following circumstances must exist: (1) the sentence will cause a substantial, direct, and specific loss of essential financial support to the defendant's family; (2) the loss of financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant; (3) the defendant's financial support is irreplaceable; and (4) the departure will effectively address the loss of financial support. *Id.* Generously read, Petitioner's claim that he "supports his older parents" only demonstrates the existence of the first factor. However, Petitioner provides no further basis that would justify defense counsel presenting this argument to the Court other than the vague proposition that he helps to pay bills at home.

**B.     Safety Valve**

Huitran-Barron also contends that defense counsel failed to present information to the Court demonstrating that he met the criteria for the "safety valve" limitation on

Applicability of Statutory Minimum Sentences in Certain Cases. *§ 2555 Mot.* at 7, Dkt 1. As an initial matter, to qualify for a "safety valve" limitation under § 5C1.2 the defendant must *not* have possessed a firearm in connection with the offense and must have provided the Government "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2.

Huitran-Barron does not qualify for a "safety valve" limitation. He possessed a handgun (in fact, his superseding indictment charged him with unlawful possession of a firearm). Furthermore, he did not provide the Government with evidence concerning his offense. Regardless, his attorney argued for a safety valve reduction. On these facts, Huitran-Baron cannot successfully argue that his attorney performed deficiently.

### C. Minimal Participant

Huitran-Barron alleges that, because of his defense counsel's performance, he was denied a reduction in his sentence for which he would otherwise qualify because "he really was a minimal participant in the offense." Dkt. 1 at 7. The record contradicts this claim. Petitioner independently organized and executed two discrete sales of methamphetamine before he agreed to a third sale. At sentencing, Petitioner conceded his culpability:

> MR. HUITRAN-BARRON: The drugs were in the house and I did sell drugs twice and I got that drugs that were in the house from this person that I was renting to. They were not mine but they were there. I didn't know what to do with them so that's what I did.

*Tr.* at 15, Cr. Dkt. 39. It is not enough to not be a "ring leader, or manager, []or a [supervisor]" as Petitioner asserts; he played a substantial role in the offense for which he was convicted and would not qualify for any reduction. There was no performance violation or resulting prejudice because defense counsel failed to pursue a reduction based on his client's role in the offense.

### D. The 18 U.S.C. § 3553(a) Factors

Finally, Huitran-Barron argues his sentence was unduly harsh "given the existence of mitigating circumstances." Dkt. 1. Specifically, he alleges the Court "violated [his] Fifth Amendment Rights by failing to consider title 18 U.S.C. § 3553(a) factors." *Id*. The § 3553(a) factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines. *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

Petitioner's claim is contradicted by the record. In imposing a below-guidelines sentence, the Court did consider the § 3553 factors, including, for example, the Petitioner's family relationships, education, health, addiction problems with marijuana and methamphetamine, and citizenship status. The Court also noted that Petitioner was a drug dealer. *Id.* Ultimately, after deliberating those factors, the Court still gave Petitioner a reduction from the Guideline range.

3. **Counsel's Alleged Ineffectiveness in Failing to File a Suppression Motion**[2]

Finally, Huitran-Barron claims that defense counsel was ineffective because he did not file a suppression motion after the police searched his truck "without probable cause" and then abused their search warrant during the search of his home.

To prevail on a claim of ineffective assistance of counsel for failing to file a motion to suppress evidence seized in an unlawful search, a prisoner must prove (1) that his Fourth Amendment claim was meritorious, and (2) that there is a reasonable probability that the result of the proceeding would have been different absent the excludable evidence. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Here, as a preliminary matter, Huitran-Barron has not expressly linked the alleged Fourth Amendment violation (*i.e.,* the alleged failure to file a suppression motion) with the alleged Sixth Amendment violation (*i.e.,* the ineffectiveness of his counsel). *See generally id.* That is, he does not expressly argue that he would not have pleaded guilty if his counsel had filed a suppression motion. Nevertheless, given his *pro se* status, the Court will interpret Huitran-Barron's motion as advancing such an argument.

The argument fails because, as the government points out, the police had probable cause to search Huitran-Barron's vehicle. Huitran-Barron was on his way to conclude a drug transaction he had arranged with an undercover officer. Police then obtained a

---

[2] Within this claim, Huitran-Barron also argues that the government wrongly seized and retained two vehicles belong to his mother and $1,740 in cash. The Court will address this argument in a separate order.

warrant and searched Huitran-Barron's residence, where they located additional drugs and cash. On these facts, Huitran-Barron's counsel did not perform deficiently by choosing not to file a suppression motion.

**4. Motion to Amend**

The Court will deny Huitran-Barron's motion to amend his § 2255 motion. Among other things, the motion to amend does not set forth any new claims; instead it mainly responds to the government's arguments. The Court has considered these arguments in reaching its decision here.

## ORDER

**IT IS ORDERED that:**

1. As to ground one stated in Huitran-Barron's § 2255 motion (Dkt. 1; Cr. Dkt. 36) the government shall advise the Court within 20 days how it would like to proceed, pursuant to *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005). If the government chooses to proceed with an evidentiary hearing, the Court will set a date for that hearing, solely to determine whether Huitran-Barron instructed his counsel to file an appeal and, if so, whether counsel ignored or refused that instruction. If the government chooses not to oppose Huitran-Barron's motion on ground one, the Court will vacate and re-enter its judgment without a hearing and allow the appeal to proceed, assuming without deciding that Huitran-Barron's claim, as stated in ground one of the motion, is true.

2. As to grounds two and three, the § 2255 motion (Dkt. 1; Cr. Dkt. 36), Petitioner's motion (Dkt. 1) is **DENIED** and the government's motion to dismiss (Dkt. 12) is **GRANTED,** and, accordingly, the claims asserted in those grounds are **DISMISSED.**

3. Huitran-Barron's Motion for Permission to Amend his § 2255 (Dkt. 15) is **DENIED.**

DATED: November 13, 2018

B. Lynn Winmill
Chief U.S. District Court Judge