UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BULMARO HUITRAN-BARRON, Movant, v. UNITED STATES OF AMERICA, Respondent. | Case Nos. 4:16-cr-00175-BLW 4:17-cv-00299-BLW **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

On January 16, 2020, this Court conducted an evidentiary hearing on Movant Bulmaro Huitran-Barron's § 2255 motion (Dkt. 1). The parties submitted supplemental briefing afterward, and the Court is now prepared to issue its decision. For the reasons explained below, the Court will grant the motion.

# BACKGROUND

In November 2016, Huitran-Barron pleaded guilty to one count of possession with intent to distribute a controlled substance. The Court sentenced him to 82 months in prison followed by four years of supervised release.

Huitran-Barron alleges that, immediately after the sentencing hearing, he asked his attorney Steven Richert about filing an appeal and getting his vehicles back. Huitran-Barron says he made the request before court staff had even exited

the room, in English, and without the assistance of the interpreter who was present. He alleges that Richert responded it was "too late." Richert denies any memory of a request for an appeal, though he also notes that it is possible Huitran-Barron attempted to communicate with him and he now does not remember.

Based on the evidence presented at the hearing, the Court enters the following findings of fact:

Immediately following the November 2016 sentencing hearing in this matter, it is possible that Huitran-Barron made a request to Richert to file an appeal. Richert did not hear or understand that any request for an appeal had been made. Rather, Richert credibly testified that he did not hear the word "appeal" in that conversation, that he had no notes referencing an appeal, and that he did not otherwise understand Huitran-Barron had asked him to file an appeal.

In the months leading up to the court proceedings, Richert and Huitran-Barron thought they were communicating effectively without an interpreter. However, all court proceedings functioned with an interpreter, indicating that Huitran-Barron could not always perfectly understand and communicate in English.

Huitran-Barron further alleges that he talked to Richert about appealing on two other occasions. The first occurred when the two went over the plea agreement. Huitran-Barron says he signed the plea agreement with the expectation

he would receive a five-year sentence and that he told Richert he wanted to appeal if the sentence were seven years. Again, no interpreter was present, and Richert says he has no recollection of Huitran-Barron requesting an appeal. However, Richert acknowledges that the sentence—while within the guideline range and so covered by the appeal waiver—included a two-level increase Richert had not anticipated; this resulted in a longer sentence than he had told Huitran-Barron to expect.

The second instance occurred sometime after the sentencing hearing. Huitran-Barron alleges that he tried to follow up about the appeal by leaving a message with someone at Richert's office. Once again, no interpreter was involved and Richert says he did not receive such a message.

The issue remaining before the Court is a narrow one: was Richert ineffective if Huitran-Barron asked Richert to file an appeal but Richert did not understand the instruction?

## LEGAL STANDARD

1.  **28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of her or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without

jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

2. **Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington,* 466 U.S. 668 (1984). There is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. However, an attorney's failure to file a notice of appeal despite a defendant's specific instructions to do so constitutes deficient performance, and the lost chance to appeal constitutes prejudice. *United States v. Sandoval–Lopez,* 409 F.3d 1193, 1196–98 (9th Cir. 2005). Where a defendant does not instruct counsel to either file or not file a notice of appeal, the court must first determine whether counsel consulted with the defendant regarding an appeal. *See Roe v. Flores–Ortega,* 528 U.S. 470, 478 (2000) (citing *Rodriguez v. United States,* 395 U.S. 327 (1969)). If counsel has not done so, then the court

must determine whether that failure to consult in and of itself constituted deficient performance. *Id.*

Counsel is not always constitutionally required to consult with a defendant regarding filing a notice of appeal. *Id.* at 479. For example, a sentencing court's instruction about the right to appeal may negate the necessity for such consultation. *Id.* at 479–80. Otherwise, counsel is constitutionally required to consult with a defendant about whether to file a notice of appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), *or* (2) that this particular defendant *reasonably demonstrated* to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew *or should have known.*" *Id.* at 480 (emphasis added). The court must consider factors such as whether the sentence followed a guilty plea—indicating the defendant no longer wished to pursue judicial proceedings—as well as "whether the defendant received the sentence bargained for as part of the plea[.]" *Id.*

## ANALYSIS

The Court finds credible that Huitran-Barron may have asked Richert to appeal the sentence. However, if such a request was made, the Court finds that Richert either did not hear or did not understand that request. The question then is

a close one about whether Huitran-Barron reasonably demonstrated his interest in appealing. On the one hand, *Strickland* requires that counsel's performance be measured with deference. Can counsel be held responsible for a request he did not know had been made? On the other hand, where counsel has had sufficient interactions with a client both to be on notice that a language barrier exists and to have conveyed that he comprehends the client's English, is counsel duty-bound to make certain that, when the client speaks, he understands? Here, a number of facts persuade the Court that a verbal request made by Huitran-Barron in English should have reasonably demonstrated his interest in appealing.

First, the Court credits Richert's statement that he does not remember Mr. Huitran-Barron requesting an appeal. However, Richert also adds that it is nonetheless possible the request was made, and he "might have spaced it." Given that Richert does not entirely dispute the possibility that Huitran-Barron requested an appeal, the Court gives deference to the defendant's version of what occurred.

Second, Richert conducted all of his visits with Huitran-Barron, save the first one, in English and without the assistance of an interpreter. This is not a situation where Huitran-Barron knew he needed an interpreter but failed to use one. Rather, Huitran-Barron might have understood the benefit of using an interpreter to present his case to the Court. Indeed, at the evidentiary hearing on this matter—three and a half years after the alleged request for an appeal—the

Court found Huitran-Barron spoke with a heavy enough accent that it often had to rely on the realtime transcript to understand his testimony. However, Huitran-Barron had no reason to believe he needed an interpreter to communicate effectively with his attorney. The sum total of Huitran-Barron's past interactions with Richert would have told him that he could rely on Richert to understand his English—including his request for an appeal.

Finally, the Court finds the timing of Huitran-Barron's alleged appeals request to be significant. At the evidentiary hearing on this matter, Huitran-Barron testified that court staff had not yet exited the room when he told Richert he wanted to appeal. The request then would have immediately followed the conclusion of the sentencing hearing. This alone should have amplified Richert's attention to Huitran-Barron's words. What's more, the Court imposed a sentence that was two years longer than Richert had told Huitran-Barron to expect. Under *Flores-Ortega*, the Court must consider that Huitran-Barron pleaded guilty and signed an appeal waiver. This would be an indication that Richert might not have been constitutionally required to consult further with Huitran-Barron about an appeal. On the other hand, when considering whether this particular defendant was interested in an appeal, the Court must also look at the totality of what counsel knew or should have known. That Huitran-Barron received a longer-than-expected sentence would have alerted Richert to his client's interest in pursuing an appeal.

While this alone may not have resulted in a constitutional requirement to consult with Huitran-Barron about an appeal, it put Richert on notice that any words spoken by his client were important and must be understood – despite any language barriers created by Huitran-Barron's heavy accent.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion Under U.S.C. § 2255 (Dkt. 1) is **GRANTED**.

2. The Court will vacate the judgment filed in United States v. Huitran-Barron, criminal case number 4:16-cr-00175 (Dkt. 34, entered on 02/28/17) and will re-enter the exact same judgment. Petitioner will be appointed new court-appointed counsel within ten (10) days of the entry of the new judgment in order to file a notice of appeal and to represent Petitioner in his direct appeal.

DATED: March 13, 2020

B. Lynn Winmill
U.S. District Court Judge