UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BULMARO HUITRAN BARRON,<br><br>Defendant. | Case No. 4:16-cr-00175-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is a Motion to Withdraw as Attorney of Record (Dkt. 59). For the reasons explained below, the Court will deny this motion, but only because the Ninth Circuit's Local Rules contemplate that such motions are to be filed with, and determined by, the Circuit. Counsel is free to renew his motion with the Ninth Circuit.

# DISCUSSION

In March 2020, this Court appointed Manuel Murdoch to represent Mr. Huitran Barron in his appeal before the Ninth Circuit. *See* Dkt. 50. Shortly thereafter, the Ninth Circuit dismissed the appeal in light of the valid appeal waiver. *See Oct. 29, 2020 Order,* Dkt. 57. Mr. Murdoch says he then informed his client of the ruling. He also says he told Mr. Huitran Barron that he did not believe

MEMORANDUM DECISION AND ORDER - 1

there were sufficient grounds to justify filing a petition for a writ of certiorari and that he would seek to withdraw if asked to file such a petition. Mr. Huitran Barron has indicated he wants Mr. Murdoch to withdraw so that he can proceed pro se. Mr. Murdoch then filed the pending motion.

Ninth Circuit Local Rule 4.1(c) contemplates that these motions should be filed in, and decided by, the Ninth Circuit. Relevant parts of that rule are shown here:

> **(c)  Post Appeal Proceedings**
>
> If the decision of this Court is adverse to the client, in part or in full, counsel, whether appointed or retained, shall, within 14 days after entry of judgment or denial of a petition for rehearing, advise the client of the right to initiate further review by filing a petition for a writ of certiorari in the United States Supreme Court. See Sup. Ct. R. 13, 14. If in counsel's considered judgment there are no grounds for seeking Supreme Court review that are non-frivolous and consistent with the standards for filing a petition, see Sup. Ct. R. 10, counsel shall further notify the client that counsel intends to move ***this Court*** for leave to withdraw as counsel of record if the client insists on filing a petition in violation of Sup. Ct. R. 10.
> …
> …
> Any motion by appointed or retained counsel to withdraw as counsel of record shall be made within 21 days of judgment or the denial of rehearing and shall state the efforts made by counsel to notify the client. A cursory statement of frivolity is not a sufficient basis for withdrawal. *See Austin v. United States*, 513 U.S. 5 (1994) (per curiam); Sup. Ct. R. 10. Within this same period, counsel shall serve a copy of any such motion on the client. If relieved ***by this Court***, counsel shall, within 14 days after such motion is granted, notify the client in writing and, if unable to do so, inform this Court. (Rev.

MEMORANDUM DECISION AND ORDER - 2

12/1/09)

Unless counsel is relieved of his or her appointment ***by this Court***, counsel's appointment continues through the resolution of certiorari proceedings and includes providing representation when an opposing party files a petition for certiorari.

Ninth Cir. Local R. 4.1(c) (emphasis added). The Court would grant Mr. Murdoch's motion. But in keeping with the above rule, the Court will refrain from ruling so that the Ninth Circuit may instead do so.

## ORDER

**IT IS ORDERED that** Defense Counsel's Motion to Withdraw (Dkt. 59) is **DENIED WITHOUT PREJUDICE.** Counsel may seek to be relieved of his appointment by the Ninth Circuit.

DATED: January 26, 2021

B. Lynn Winmill
U.S. District Court Judge